UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HENRY,<br><br>Petitioner,<br><br>v.<br><br>JEH CHARLES JOHNSON, et al.,<br><br>Respondents. | No. 1:15-cv-00699-SKO   HC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1)** |

Petitioner, Christopher Henry, filed a petitioner for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "petition") on May 4, 2015.[1] Petitioner challenges his detention by Immigration and Customs Enforcement ("ICE") as a violation of his due process rights.[2] Having reviewed the record and applicable law, the Court finds the petition should be GRANTED IN PART and DENIED IN PART. As fully described in this opinion, the Court will DENY Petitioner's request for immediate release from ICE custody, but will ORDER Respondents to provide Petitioner with a new bond hearing before an Immigration Judge.

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

[2] In 1996, "Congress passed a[n] [ ] immigration detention law that categorically requires authorities to take into custody in removal proceedings any non-citizens who have any of a [ ] range of past convictions." Farrin R. Anello, *Due Process and Temporal Limits on Mandatory Immigration Detention*, 65 Hastings L.J. 363, 364 (Feb. 2014).

1

**I.  Background**

Petitioner is a native and citizen of Jamaica who entered the United States for the first time in 2001 and was subsequently ordered removed[3] from the United States in 2006.[4] Petitioner reentered the United States without permission in 2008 using a false name.[5] Petitioner was arrested in 2013, and on July 11, 2013, Petitioner was ordered removed to Jamaica for a second time by an Immigration Judge ("IJ").[6] The removal order was affirmed by the Board of Immigration Appeals ("BIA") on December 24, 2013. Petitioner has remained in immigration detention since the issuance of the order of removal.[7]

On January 23, 2014, Petitioner filed a "Petition for Review and Motion Requesting Stay of Removal" with the U.S. Court of Appeals for the Ninth Circuit to review the BIA's decision.[8] The Ninth Circuit granted Petitioner's motion to stay his removal on February 25, 2015.[9] On August 18, 2015, Respondents filed an "Unopposed Motion to Remand this Matter to the Board of Immigration Appeals" in order for the BIA to resolve conflicting determinations[10] regarding

---

[3] A removal order is more commonly known as a "deportation" order. *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 488, n.2 (9th Cir. 2007). The Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA") replaced references to "deportation" with "removal." *Id*. (quoting Gerald L. Neuman, *Habeas Corpus, Executive Detention, and the Removal of Aliens*, 98 Colum. L. Rev. 961, 966 (1998) (enacted in September 1996, IIRIRA "realigned the vocabulary of immigration law, creating a new category of 'removal' proceedings that largely replaces what were formerly exclusion proceedings and deportation proceedings.")).
[4] The record does not contain any further information about Petitioner's first removal.
[5] The record does not contain any further information about Petitioner's re-entry into the United States, including the exact date of re-entry.
[6] The record does not provide any further information about Petitioner's arrest or second removal proceedings.
[7] Pursuant to 8 U.S.C. 1226(a), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."
[8] "[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5).
[9] A Court of Appeal considering a petition for review of a removal order may stay a case, which prevents the removal order "from taking effect and therefore block[s] removal while [the court] adjudicat[es] the petition." *Nken v. Holder*, 556 U.S. 418, 426 (2009).
[10] Petitioner claimed he faced past persecution in Jamaica. The IJ decision stated that "readily assuming persecution, the applicant has the support of the government of Jamaica and could easily relocate to any area of Jamaica in which [his political party] constitutes the majority." The IJ's decision also stated that "[t]here is simply no evidence supporting a political motivation proving that he has been targeted for harm, let alone that the motivation to harm him would be political in nature." While, the BIA's decision stated "[w]hile we would assume that the 1996 attack, occurring at the [political] conference, was politically motivated, we agree that the subsequent attacks lack any clear indicia of political motivation." *Henry v. Lynch*, (9th Cir. Doc. No. 14-70222), at Doc. 31.

Petitioner's past persecution in Jamaica.[11]

On August 19, 2015, the Ninth Circuit granted Respondents' motion to remand and continued the stay of removal until Petitioner's appeal is fully resolved. Based on the Ninth Circuit's docket entries, the case appears to remain pending before the BIA. *Henry*, (9th Cir. Doc. No. 14-70222).

On November 10, 2014, Petitioner filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("2014 petition") in the Sacramento Division of the U.S. District Court for the Eastern District of California. *Henry v. Holder*, no. 2:14-cv-02633-JAM-EFB. In the 2014 petition, Petitioner alleged that he had been in immigration custody for approximately two years without a bond hearing. On February 9, 2015, the 2014 petition was dismissed pursuant to a stipulation by the parties because Petitioner was granted a bond hearing pursuant to *Rodriguez v. Robbins* (*Rodriguez I*), 715 F.3d 1127 (9th Cir. 2013).[12]

At his bond hearing on January 29, 2015, an IJ deemed Petitioner a flight risk, because the IJ determined there was a high probability that Petitioner would not appear for his immigration hearings if he was released from ICE custody, and denied Petitioner bond. (Doc. 11-1 at 3.) The IJ reasoned that:

> [Petitioner] admitted to entering the United States under a false name in 2008 and he is known by a number of aliases. His criminal record indicated that he was arrested using these aliases.
>
> [Petitioner] was previously deported and re-entered the United States without authorization. This Court denied [Petitioner's] application for withholding of removal and the [BIA] affirmed the denial. . . .

---

[11] An "agency may request a remand (without confessing error) in order to reconsider its previous position." *Ren v. Gonzales*, 440 F.3d 446, 448 (7th Cir. 2006) (quoting *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001)) (internal quotation marks omitted).

[12] The "prolonged detention of aliens is permissible only where the Attorney General finds such detention individually necessary by providing the alien with an adequate opportunity to contest the necessity of his detention." *Rodriguez 1*, 715 F.3d at 1135 (quoting *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 951 (9th Cir. 2008)) (internal quotation marks omitted). Therefore, "a bond hearing is required before the government may detain an alien for a 'prolonged' period." *Id*.

3

> [Petitioner] was previously deported in absentia for failing to appear. [Petitioner] has no property or business. He is dependent upon the goodwill of his family who live on the East Coast.
>
> Based upon the above, the Court finds [Petitioner is] a flight risk. . . .

(Doc. 11-1 at 3-4.)

On May 4, 2015, Petitioner filed the habeas corpus petition currently pending before this Court. In the petition, Petitioner requests that the Court direct Respondents to immediately release him from custody.

## II. Statutory Basis for Continued Detention.

Petitioner and Respondents disagree as to the statutory basis for Petitioner's detention by ICE. Petitioner claims he is in custody pursuant to 8 U.S.C. § 1231, which states, "[w]hen an alien is ordered removed; the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). "If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien," the 90 day period, known as the removal period, begins on the date of the court's final order. *Id*. at § 1231(a)(1)(B)(ii).

Respondents argue that Petitioner is not in custody pursuant to § 1231, but instead, pursuant to 8 U.S.C. § 1226(a), which states:

> [o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General – (1) may continue to detain the arrested alien; and (2) may release the alien on [bond]."

8 U.S.C. § 1226(a)(1)-(2).

Under § 1226(a), the Attorney General has the discretion to detain an individual "pending a decision on whether the alien is to be removed from the United States." By comparison, § 1231 gives the Attorney General the authority to detain individuals "during" and "beyond" their "removal period."

//

4

The statutory basis for Petitioner's detention is important because "[w]here an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008). In *Prieto-Romero*, the Ninth Circuit held that "[a]n alien whose removal order is administratively final, but whose removal is stayed pending the court of appeals' resolution of his petition for review" is subject to detention pursuant to § 1226(a). *Id*. at 1067-68. Here, Petitioner has been ordered removed by an IJ and the BIA and his removal is administratively final, but his case is currently stayed while his appeal is pending before the Ninth Circuit. Accordingly, the Court will review the Constitutionality of Petitioner's detention pursuant to § 1226(a).

### III. Standard of Review

District courts may grant habeas relief where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This authority extends to ensuring that immigration detainees are provided with bond hearings. *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011) ("[A] federal district court has habeas jurisdiction under 28 U.S.C. § 2241 to review [ ] bond hearing determinations for constitutional claims and legal error.").

### IV. Petitioner is Entitled to a New Bond Hearing Before an IJ.

Petitioner argues that his detention violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment, because his detention is "indefinite." (Doc. 1 at 4.) Respondents contend that Petitioner was previously given a bond hearing, which is "all the due process to which he is entitled." (Doc. 11 at 2.) Further, Respondents maintain the Court cannot review the IJ's bond determination, except on claims of constitutional or legal error, which Petitioner does not make. *Id*. at 3 (citing 8 U.S.C. §

5

1226(e)).[13]

Respondents correctly assert that this Court cannot review the IJ's discretionary decision to deny Petitioner bond. *Prieto-Romero*, 534 F.3d at 1058 (An individual "may appeal [an] IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d)(3), but discretionary decisions granting or denying bond are not subject to judicial review, *see* § 1226(e)"). The Court may only grant relief for legal error or based on a valid constitutional claim. *Singh*, 638 F.3d at 1202. Here, Petitioner does not allege any legal error.

Petitioner does, however, claim a constitutional error—specifically, that his due process rights are being violated based on his "unlawful indefinite detention," and that he "is unlikely to be removed [to Jamaica] in the future." (Doc. 1 at 4.) Petitioner argues that his continued detention violates the United States Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." 533 U.S. at 699.[14]

Petitioner has been in immigration custody since approximately 2013, which the Court agrees is a prolonged period of time. However, Petitioner is not entitled to habeas relief because his detention has been prolonged. *See Prieto-Romero*, 534 F.3d at 1062. The Ninth Circuit distinguishes between prolonged detention and indefinite dentition. *Id*. at 1062-63. Under § 1226(a), a prolonged detention is appropriate so long as the Attorney General keeps individuals in detention only for "the 'period reasonably necessary to bring about an alien's removal from the United States." *Id*. at 1063 (quoting *Zadvydas*, 533 U.S. at 689.

---

[13] Pursuant to 8 U.S.C. §1226(e),

[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

[14] Although the Court considered a challenge from individuals held under § 1231 in *Zadvydas*, the holding is applicable to individuals held pursuant to § 1226(a). *Prieto-Romero*, 534 F.3d at 1062.

6

Here, while his detention has been prolonged, Petitioner's removal has been delayed due to his own requests for judicial review. Petitioner's case has not been fully resolved because he has appealed the IJ's determination that he should be removed. Judicial review "is subject to strict procedural rules" and this "independent, external constraint is 'satisfactory assurance' that [Petitioner's] petition for review will be resolved with reasonable expedition." *Id*. at 1064-65. Petitioner's "continued detention, while lengthy, is not indefinite. It remains authorized by § 1226(a) because it is consistent with the [ ] limitation" of "reasonably necessary" detention periods required by *Zadvydas*. *Id*. at 1065. While his removal case is pending, Respondents may keep Petitioner in immigration detention without violating his constitutional rights. *See* 8 U.S.C. § 1226(a)(1)-(2).

Although Petitioner has failed to show that Respondents committed legal error or that Respondents are violating his constitutional rights, Petitioner nonetheless has the right to a new bond hearing. The Ninth Circuit requires that individuals held under § 1226(a) receive a bond hearing. *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 950 (9th Cir. 2008). Individuals in immigration custody pursuant to § 1226(a), like Petitioner, are entitled to periodic bond hearings every six months. *Rodriguez v. Robbins* (*Rodriguez 2*), 804 F.3d 1060, 1089 (9th Cir. 2015). The record reflects that Petitioner received a bond hearing on February 9, 2015. Because it has been more than six months since Petitioner's last bond hearing, he is entitled to a new bond hearing.

### V. Conclusion and Order

Based on the foregoing, it is hereby ORDERED that

1. Petitioner's application for writ of habeas corpus is GRANTED IN PART and DENIED IN PART; and

//

2. Respondents shall provide Petitioner with a bond hearing before an Immigration Judge.

IT IS SO ORDERED.

Dated: __**December 27, 2017**__            /s/ *Sheila K. Oberto*
                                                           UNITED STATES MAGISTRATE JUDGE